UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEIDI DAVONNE BROWN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24cv953 DRL-SJF |
| IVY TECH COMMUNITY COLLEGE, | |
| Defendants. | |

ORDER

On November 26, 2024, Heidi Davonne Brown filed a *pro se* complaint and a motion for leave to proceed *in forma pauperis*. Ms. Brown submitted a standard *in forma pauperis* form detailing that she has no gross income and no assets [2]. That said, Ms. Brown's complaint [1] does not meet federal pleading standards. *See* 28 U.S.C. § 1915(a)(1)

The court construes Ms. Brown's *pro se* pleading liberally and takes all well-pleaded allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, though *pro se* litigants are not held to the same standards as attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not exempt from the rules of civil procedure, *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Ms. Brown's complaint does not comply with the Federal Rules of Civil Procedure.

Ms. Brown alleges Ivy Tech pressured her to enroll with false claims, took advantage of her lack of knowledge about higher education financial aid and loans, failed to inform her of the factors that would prevent her from meeting enrollment or aid requirements, concealed information material to her decision of whether to enroll, and failed to perform contractual obligations [1 at 2]. She asks the money she paid Ivy Tech be refunded [*id.* at 3].

The court has an independent obligation to ensure its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). Federal

district courts have original jurisdiction over federal question cases—that is, "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331—and diversity jurisdiction over lawsuits brought by citizens of different states when the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Federal Rule of Civil Procedure 8 "requires a short and plain statement of the jurisdictional basis, which, however must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *McCready v. eBay, Inc.*, 453 F.3d 882, 890-91 (7th Cir. 2006) (quotations and citation omitted). Ms. Brown never states how the court has jurisdiction over her alleged claims, and a generous reading of the facts doesn't shed any light. Whether a state court might have jurisdiction of her claims, nothing indicates that this federal court does.

The court must next determine whether her complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Though the court must construe her complaint liberally, *see Erickson*, 551 U.S. at 94, it has "ample authority to dismiss frivolous or transparently defective suits spontaneously," *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). The court will not grant the *in forma pauperis* motion if the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Ms. Brown's complaint, construed liberally, seems to allege deception and perhaps fraud. She asks Ivy Tech to pay her back whatever she may have given them. However, she hasn't provided much additional detail, explained how she has a federal claim, or indicated whether the court otherwise has jurisdiction. Moreover, Federal Rule of Civil Procedure 9(b) requires that allegations of fraud or

mistake be stated with particularity, and there is insufficient detail in Ms. Brown's pleading to meet this threshold.

Given that she is proceeding *pro se*, the court will afford Ms. Brown another opportunity and let her file an amended complaint. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). She must establish that her case falls within the limited jurisdiction of this court and provide as many facts as to what has transpired, such as: the harm, who caused the harm, how they caused the harm, when they caused the harm, and the like. There must be sufficient facts pleaded to allow the court and the defendant to understand there is a plausible claim.

Accordingly, the court DENIES Ms. Brown's motion to proceed *in forma pauperis* without prejudice [2], AFFORDS her leave to amend her complaint to become compliant with the federal rules and refile a motion to proceed *in forma pauperis* by January 10, 2025, and CAUTIONS her that failure to comply with this deadline, plead federal jurisdiction, pay the filing fee or file for *in forma pauperis* status, or file a rule-compliant complaint will result in the dismissal of her case without further notice because her current complaint doesn't state a claim or a basis for jurisdiction.

SO ORDERED.

December 17, 2024                             *s/ Damon R. Leichty*
                                              Judge, United States District Court